# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DALE RODNEY HOLMES         *

Petitioner         *

v.         *     Civil Action Case No. JKB-11-1805

WARDEN KATHLEEN GREEN, et al.         *

Respondents         *

        ***

## MEMORANDUM

Dale Rodney Holmes is petitioning for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondents, by their counsel have filed a response seeking dismissal of the motion as time-barred. By order issued September 13, 2011, the court notified Holmes that the § 2254 motion appeared time-barred and granted him twenty-eight days to show why equitable tolling was warranted or the motion was otherwise timely. The response period has expired and Holmes has not filed a response. The court deems an evidentiary hearing unnecessary, *see* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts, and will dismiss the motion as time-barred for reasons that follow.

## BACKGROUND

In his petition, Holmes is challenging his judgment of conviction from 2002 in the Circuit Court for Talbot County, Maryland. On October 9-10, 2002, Holmes was tried before a jury sitting in the Circuit Court for Talbot County on charges of possession and distribution of controlled dangerous substances. *See* Exhibits 1 & 2; Paper No. 1 at 1-2. On October 10, 2002, the jury found Holmes guilty of two counts of possession of a controlled dangerous substance

and two counts of possession with the intent to distribute a controlled dangerous substance. *See id*. On October 29, 2002, Holmes was sentenced to serve 30 years in prison. *See id.*

By unreported opinion filed on May 5, 2004, the Court of Special Appeals of Maryland affirmed Holmes's judgment of conviction. The mandate issued on June 4, 2004. Exhibit 2. On August 23, 2004, the Court of Appeals of Maryland denied further review. Exhibit 3. Holmes' judgment of conviction became final for direct appeal purposes on November 22, 2004, when the time for seeking further review in the United States Supreme Court expired. *See* Sup. Ct. Rule 13.1 (requiring petition of certiorari to be filed within 90 days of the date of judgment from which review is sought).

On February 14, 2005, Holmes initiated post-conviction proceedings by filing a petition for post-conviction relief in the Circuit Court for Talbot County. Exhibit 1, p.12. Holmes withdrew his petition for post-conviction relief on March 4, 2005. *See id*. He filed new post-conviction proceedings on June 2, 2005, but withdrew the petition on December 1, 2005. *See id*. at 12-13.

On February 6, 2006, Holmes filed a motion to correct an illegal sentence that was denied without a hearing. Exhibit 1, p. 14; Exhibit 4. This ruling was affirmed on appeal by the Court of Special Appeals by an unreported opinion filed on July 17, 2007, with the court's mandate issuing on August 16, 2007. Exhibit 4. The Court of Appeals denied further review on November 9, 2007. Exhibit 5. The judgment became final on February 7, 2008, *see* Sup. Ct. Rule 13.1.

On March 6, 2008, Holmes reinitiated state post-conviction proceedings. Exhibit 1, p. 15. On August 17, 2009 the Circuit Court denied post- conviction relief. *See id.* p. 17. By

unreported opinion filed on June 28, 2010, the Court of Special Appeals summarily denied Holmes' application for leave to appeal and the mandate issued on July 28, 2010. Exhibit 6; Exhibit 1, p. 17. Holmes filed the instant petition for federal habeas corpus relief on June 27, 2011. Petition, p. 6.[1]

## ANALYSIS

A one-year statute of limitations applies to habeas petitions challenging a state court conviction. *See* 28 U.S.C. § 2244(d);[2] *Wall v. Kholi*, _ U.S_, S. Ct. 1278, 1283 (2011). The one-

---

[1] For the purpose of assessing the timeliness of Holmes's petition under 28 U.S.C. § 2244(d)(1)-(2), it is deemed filed on the date it was signed and delivered to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of mail-box rule to petition filed pursuant to 28 U.S.C. § 2255).

[2]This section provides:

>   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

year period is statutorily tolled while properly filed state post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d) (2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

In this case, Holmes's judgment of conviction became final for direct appeal purposes and the one-year limitations period started to run on Monday, November 22, 2004, when the time for seeking further review in the United States Supreme Court expired. *See* Sup. Ct. Rule 13.1 (requiring petition of certiorari to be filed within 90 days of the date of judgment from which review is sought).[3] Holmes did not have any properly filed state post-conviction or other collateral proceedings related to his case to statutorily toll the running of the one-year limitations period during the following time periods: 1) November 22, 2004- February 14, 2005 (84days); 2) March 4, 2005-June 2, 2005 (90 days); 3) December 1, 2005- February 6, 2006 (67 days); 4) February 7, 2008 -March 6, 2008 (28 days); and 5) July 28, 2010 -June 27, 2011 (334 days), a total of 603 days, which far exceeds one year and renders the instant federal habeas petition untimely under 28 U.S.C. § 2244(d). In the absence of any grounds to apply equitable tolling, the petition will be dismissed as time-barred under 28 U.S.C. § 2244(d) (1)-(2).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue under 28 U.S.C. § 2253(c) (1) (A) only if the applicant has made a substantial showing of the denial of a constitutional right. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c) (2). To make such a showing, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

---

[3] While the Holmes' appeal was pending, a motion for a new trial, a request for an appeal bond, and a motion for modification of sentence were denied by the circuit court. Exhibit 1, pp. 10-11.

or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Holmes has not made the requisite showing, and a certificate of appealability shall be denied. Denial of a certificate of appealability does not prevent a petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

## CONCLUSION

Absent any grounds to warrant equitable tolling of the limitations period, the court will dismiss the motion for habeas corpus relief as time-barred. A separate order follows.

December 27, 2011  /s/
Date  James K. Bredar
  United States District Judge